# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEYSHA J., | * | |
| Plaintiff, | * | |
| | * | Civil No. TMD 18-2870 |
| v. | * | |
| | * | |
| ANDREW M. SAUL, | * | |
| Commissioner of Social Security, | * | |
| Defendant.[1] | * | |

***********

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## ALTERNATIVE MOTION FOR REMAND

Plaintiff Keysha J. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 16).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**.

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On June 12, 2017, Administrative Law Judge ("ALJ") David S. Pang held a hearing in Baltimore, Maryland, where Plaintiff and a vocational expert ("VE") testified. R. at 32-49. The ALJ thereafter found on August 29, 2017, that Plaintiff was not disabled from her alleged onset date of disability of August 17, 2011, through the date of the ALJ's decision. R. at 9-30. In so finding, the ALJ found that Plaintiff had the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) with additional limitations. [Plaintiff] is capable of lifting/carrying a maximum of ten pounds at a time, and sitting for approximately six hours and standing/walking for approximately two hours in an eight-hour workday. She can push/pull the same amount as she can lift/carry. [Plaintiff] can occasionally operate foot controls and she can occasionally climb ramps and stairs, stoop, kneel, crouch and crawl. She can never climb ladders or scaffolds.

R. at 17.[3] In light of this RFC and the VE's testimony, the ALJ found that, although she could not perform her past relevant work as a corrections officer, Plaintiff could perform other work, such as an information clerk, telephone solicitor, front-desk receptionist, surveillance-systems monitor, or document preparer. R at 23-25. The ALJ thus found that Plaintiff was not disabled from August 17, 2011, through August 29, 2017. R. at 25.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on September 17, 2018, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R.

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

§§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

**IV**

**Discussion**

Plaintiff contends that the ALJ failed to determine whether her left-knee impairment was a severe impairment. Pl.'s Mem. Supp. Mot. Summ. J. 6-7, ECF No. 13-1. She, however,

> misunderstands the purpose of step two in the analysis. Step two is merely a threshold determination meant to screen out weak claims. It is not meant to identify the impairments that should be taken into account when determining the RFC. In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered "severe" or not.

*Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (alteration in original) (citations omitted). "Moreover, step two was decided in [Plaintiff's] favor . . . . [She] could not possibly have been prejudiced. Any alleged error is therefore harmless and cannot be the basis for a remand." *Id.* at 1049 (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)); *accord Smith v. Colvin*, 821 F.3d 1264, 1266-67 (10th Cir. 2016); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam). Plaintiff's contention that the ALJ erred at step two by failing to determine whether her left-knee impairment was severe thus is without merit. *See Tegra C. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-19-667, 2019 WL 6733114, at *5 (D. Md. Dec. 10, 2019).

Plaintiff further argues to no avail that the ALJ erred in determining that her mental impairment was not severe. E. Lessans, Ph.D., the state agency consultant, found that Plaintiff experienced mild restriction in activities of daily living; mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace; and one or two repeated episodes of decompensation. R. at 67. According to Plaintiff, her mental impairment was thus a severe impairment under the regulations. Indeed, at the time of Dr. Lessans's opinion

in April 2016, the Commissioner would generally conclude that a claimant's mental impairment was not severe if the claimant had (1) at most only mild limitation in activities of daily living; social functioning; and concentration, persistence, or pace and (2) no episodes of decompensation. *See* 20 C.F.R. § 404.1520a(d)(1) (2016). Dr. Lessans, however, also opined that Plaintiff "has [a] non severe mental health condition with no mental health treatment, 29/30 on MMSE and functional [activities of daily living] from a mental standpoint." R. at 68. Moreover, in finding that Plaintiff did not have any severe mental health impairments, the ALJ applied the psychiatric review technique under the regulations in force in August 2017 and found that Plaintiff had no limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and in adapting or managing oneself (R. at 16). *See* 20 C.F.R. § 404.1520a (2017). Plaintiff does not dispute the ALJ's application of the technique under § 404.1520a in force at the time of the ALJ's decision. Any error by the ALJ in failing to consider Dr. Lessans's finding of one or two episodes of decompensation thus is harmless.

Plaintiff next asserts that the VE's testimony improperly focused on transferring skills. Pl.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 13-1. According to Plaintiff, "the ALJ's decision does not make any distinction between the skilled hypothetical jobs and the unskilled hypothetical jobs in the decision denying benefits." *Id.* "The ALJ and VE both fell abysmally short of identifying [Plaintiff's] skills and assuring that the same skills would be transferable to hypothetical skilled jobs . . . ." *Id.* The ALJ found, however, that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [she] has transferable job skills." R. at 24 (citing Social Security Ruling ("SSR") 82-41 and 20 C.F.R. pt.

404, subpt. P, app. 2).[5] As Defendant points out, the ALJ thus was not required to make a finding about transferability of skills. The VE, in any event, identified unskilled jobs such as surveillance-systems monitor and document preparer (R. at 24-25, 45-46). *See* SSR 82-41, 1982 WL 31389, at *1 ("When the table rules in Appendix 2 are applicable to a case, transferability will be decisive in the conclusion of 'disabled' or 'not disabled' in only a relatively few instances because, even if it is determined that there are no transferable skills, a finding of 'not disabled' may be based on the ability to do unskilled work."). Plaintiff's argument in this regard thus is unavailing.

The Court remands this case, however, because the ALJ failed to build a logical bridge from the evidence to his conclusion about Plaintiff's RFC to perform sedentary work. SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Here, the ALJ did not explain his conclusion that, on the basis of the evidence in the record, Plaintiff could actually perform the tasks required by sedentary work. *See* SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018); *Sunil M. v. Berryhill*, No. 8:18-CV-274-GLS, 2019 WL 1077685, at *3 (D. Md. Mar. 6, 2019) ("[A]lthough the ALJ referenced Plaintiff's lower back pain, knee pain, and heart problems, there is no logical bridge connecting this information to the conclusion made, specifically, how those symptoms result in Plaintiff being able to only perform sedentary work."). The ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694

(alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). The ALJ found that "the evidence documents that [Plaintiff] is the sole caregiver for her young son, that she goes to church several times a week, that she worked part time on two different occasions since the alleged onset date, that she drives and that she volunteers with toddlers." R. at 23. When evaluating Plaintiff's subjective complaints, however, the ALJ on remand should consider the type of activities she can perform, the extent to which she can perform them, and how her activities show that she can persist through an eight-hour workday. *See Woods*, 888 F.3d at 694-95; *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 263 (4th Cir. 2017). In addition, the VE testified that being "off task" 20% of the time and being absent two to three days per month would preclude an individual's employment. R. at 46-47. The ALJ thus should explain on remand how, despite Plaintiff's impairments, she would be productive more than 80% of the time in an eight-hour workday and would not be absent from work more than two to three days per month. *See Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("[I]n formulating the second hypothetical for the VE, [the ALJ] incorporated the express functional limitation of a person able to perform simple and repetitive tasks also being off-task 20% of the time or otherwise requiring two unscheduled absences per month. The VE opined that a person so limited would lack the functional capacity to sustain *any* employment. But the ALJ failed to incorporate this opinion anywhere in the RFC, leaving the RFC altogether uninformed by considerations of off-task time or unplanned leave."). In short, because "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion," the Court remands this case for further explanation regarding Plaintiff's RFC. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Woods*, 888 F.3d at 694).

# V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 16) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: January 10, 2020

/s/
Thomas M. DiGirolamo
United States Magistrate Judge